# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

*For Prothonotary Use Only (Docket Number)*

**OCTOBER 2020**

**001942**

*E-Filing Number: 2010066886*

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MATTHEW LASWELL | LOWE'S COMPANIES, INC., ALIAS: LOWE'S |
| PLAINTIFF'S ADDRESS<br>4170 ALY DRIVE<br>DOYLESTOWN PA 18902 | DEFENDANT'S ADDRESS<br>2106 S. COLUMBUS BOULEVARD<br>PHILADELPHIA PA 19148 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>LOWE HOME CENTER, LLC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>2106 S. COLUMBUS BOULEVARD<br>PHILADELPHIA PA 19148 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdiction | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☒ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY (SLIP/FALL) |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>OCT 27 2020<br>A. SILIGRINI | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MATTHEW LASWELL

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JEFFREY I. ZIMMERMAN | ADDRESS<br>175 BUSTLETON PIKE<br>FEASTERVILLE PA 19053 |
|---|---|
| PHONE NUMBER<br>(215) 953-2706 | FAX NUMBER<br>(215) 355-0940 | |
| SUPREME COURT IDENTIFICATION NO.<br>30600 | E-MAIL ADDRESS<br>jschm47740@aol.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>JEFFREY ZIMMERMAN | DATE SUBMITTED<br>Tuesday, October 27, 2020, 10:12 am |

FINAL COPY (Approved by the Prothonotary Clerk)

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN & SCHMIDT
BY: Jeffrey I. Zimmerman, Esq.
Identification No. 30600
BY: Jeffrey D. Schmidt, Esq.
Identification No. 91583
175 Bustleton Pike
Feasterville, PA 19053
(215) 953-2706

Attorney for Plaintiffs

Filed and Attested by the
Office of Judicial Records
27 Oct 2020 10:12 am
S. GILBRINI

---

MATTHEW LASWELL and
KRISTINE LASWELL, h/w
4170 Aly Drive
Doylestown, PA 18902

v.

LOWE'S COMPANIES, INC.
d/b/a Lowe's
2106 S. Columbus Boulevard
Philadelphia, PA 19148
        and
LOWE'S HOME CENTERS, LLC
d/b/a Lowe's
2106 S. Columbus Boulevard
Philadelphia, PA 19148

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM, 2020

NO.

ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

JURY TRIAL DEMANDED
TWELVE JURORS REQUESTED

---

## PLAINTIFFS' CIVIL ACTION COMPLAINT

### "NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333

### "AVISO"

"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted comprá la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO.

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333

Case ID: 201001942

1.     The Plaintiffs, Matthew Laswell and Kristine Laswell, are adult individuals and husband and wife and reside at 4170 Aly Drive, Doylestown, PA 18902.

2.     The Defendant, Lowe's Companies, Inc. d/b/a Lowe's, is a corporation or other business entity created and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business and/or an office for acceptance of service at 2106 S. Columbus Boulevard, Philadelphia, PA 19148, and said entity conducting business in said Commonwealth.

3.     The Defendant, Lowe's Home Centers, LLC d/b/a Lowe's, is a corporation or other business entity created and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business and/or an office for acceptance of service at 2106 S. Columbus Boulevard, Philadelphia, PA 19148, and said entity conducting business in said Commonwealth.

4.     At all times material and relevant to this Complaint, the Defendants acted through the conduct of their agents, servants, and employees, said persons acting within the course and scope of their employment and/or agency.

5.     At all times material and relevant to this Complaint, the Defendants did own, possess, operate, manage, maintain and/or control the premises known as "Lowe's" and located at 425 Easton Road, Warrington, PA 18976, and more particularly, the automatic doors located at the entrance of said store and its component parts.

6.     On or about November 10, 2018, at or around 7:15 a.m., the Plaintiff, Kristine Laswell, was a business invitee and lawfully at the Defendant's store known as "Lowe's" located at 425 Easton Road, Warrington, PA 18976, and was entering the said premises by passing through the outside set of automatic doors when, suddenly and without warning, the said doors closed upon her, striking her on her head with great force, and was thereby caused to suffer severe and debilitating injuries.

7.     The aforesaid accident resulted solely from the negligence and carelessness of the Defendants herein and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

8.     The Defendants knew and had constructive notice of the presence and existence of the aforesaid dangerous and defective conditions at a sufficient time prior to the aforesaid accident

to permit the Defendants to have taken appropriate corrective action in regard thereto, so as to prevent the Plaintiff's accident from having occurred.

9.      The negligence and carelessness of the Defendants herein consisted, inter alia, of the following:

(a)      allowing the aforesaid dangerous and defective condition to exist in the said area on the premises; and more specifically, operating, maintaining in use and continuing to operate automatic doors while said doors were in a defective and dangerous condition for their intended use;

(b)      failing to properly, adequately and sufficiently inspect, test and monitor the automatic doors at the entry of the said store to ensure that its sensors would detect and react to persons passing through the doorway and remain open to permit the safe passage through by said persons;

(c)      failing to maintain, repair, set, calibrate and or replace said doors and integral door closure switches, sensors, triggering devices, photo-electric "eyes", pressure mats, and safety systems so as to prevent sudden, uncontrolled and premature closure upon persons passing through the doorway;

(d)      failing to place the said automatic door out of service or in a permanently open position until such door could be repaired;

(e)      failing to request service in a timely manner, so, as to have the said door repaired;

(f)      failing to act promptly and appropriately with regard to a dangerous condition which should have reasonably been expected to be encountered by entrants into the said premises;

(g)      failure to properly and adequately train the "greeter" stationed at the front of the store to immediately report the dangerous condition of the door;

(h)      failure to repair, correct or remove said dangerous condition in a prompt and adequate manner;

(i)      failure to maintain the said doorway in a safe condition for use by pedestrian traffic;

Case ID: 201001942

(j)    failing to warn the Plaintiff of the said dangerous condition by signs, cones, barricades or other appropriate and sufficient means or to place the said doorway out of use;

(k)    failing to inspect for said dangerous condition in a regular, sufficiently frequent and adequate manner;

(l)    failure to provide the Plaintiff the heightened duty of care owed to a business invitee;

(m)    negligence at law; and

(n)    such other acts and omissions constituting negligence as shall be revealed by discovery.

## COUNT I

## KRISTINE LASWELL V. LOWE'S COMPANIES, INC. AND LOWE'S HOME CENTERS, LLC

10.    The Plaintiff incorporates herein, by reference thereto, paragraphs one through nine, inclusive, as though the same were set forth herein at length.

11.    As the direct and proximate result of this accident, the Plaintiff, Kristine Laswell, has suffered serious and permanent injuries, including injuries to her head, face, eye and brain; a concussion; post-concussion syndrome; contusions and abrasions, severe damage to her nerves and nervous system, and various other ills and injuries.

12.    As a further result of this accident, the Plaintiff has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

13.    As a further result of this accident, the Plaintiff has suffered an injury which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

14.    As a further result of this accident, the Plaintiff has been unable to attend to her daily chores, duties and occupations, and may be unable to do so for an indefinite time in the future.

Case ID: 201001942

15.    As a further result of this accident, the Plaintiff has or may suffer severe loss of her earnings and impairment of her earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

16.    As a direct and reasonable result of the accident, the Plaintiff has and may continue to in the future incur other financial expenses or losses which to which she may otherwise be entitled to recover.

17.    As a further result of the accident, the Plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

WHEREFORE, the Plaintiff, Kristine Laswell, demands damages of the Defendants herein in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

## COUNT II

## MATTHEW LASWELL V. LOWE'S COMPANIES, INC. AND LOWE'S HOME CENTERS, LLC

18.    The Plaintiff incorporates herein, by reference thereto, paragraphs one through seventeen, inclusive, as though the same were set forth herein at length.

19.    Solely as a result of the negligence of the Defendant, the Plaintiff, Matthew Laswell, has, is, and will be caused to lose the society, comfort, companionship, support and consortium of his wife, Kristine Laswell.

WHEREFORE, the Plaintiff, Matthew Laswell, demands damages of the Defendants herein in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

ROVNER, ALLEN, ROVNER,
ZIMMERMAN, SIGMAN & SCHMIDT

BY: /s/Jeffrey I. Zimmerman
JEFFREY I. ZIMMERMAN, ESQUIRE
JEFFREY D. SCHMIDT, ESQUIRE
Attorneys for Plaintiffs,
Matthew Laswell and
Kristine Laswell

Case ID: 201001942

## V E R I F I C A T I O N

*Kristine Laswell*          , being duly sworn according to law, deposes and says that he is the Plaintiff herein, and that the facts set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Kristine L. Laswell*

Dated: 10-27-20

Case ID: 201001942